

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| BRANDON J. THOMPSON,<br>　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:21-03493-MGL<br>§  CRIMINAL ACTION NO. 3:18-203-MGL<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE**

## I.     INTRODUCTION

Petitioner Brandon J. Thompson (Thompson), who is representing himself, brings this 28 U.S.C. § 2255 motion to vacate against Respondent United States of America (the government). The government filed a response in opposition to Thompson's motion and a motion for summary judgment.

Having carefully considered the motions, Thompson's amendments to his motion, the responses, the reply, the record, and the relevant law, the Court will grant the government's motion for summary judgment and deny Thompson's motion to vacate.

## II.    STANDARD OF REVIEW

### A.     *The statute*

In accordance with 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . the sentence was imposed in violation of the Constitution or laws of the

> United States, or . . . the [C]ourt was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the [C]ourt which imposed the sentence to vacate, set aside or correct the sentence.

*Id*.

### B.     *Factors to Consider in a claim for ineffective assistance of counsel*

In a § 2255 proceeding, the burden of proof is on the petitioner to establish his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The standard governing ineffective-assistance-of-counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on such a claim, the petitioner must first show his counsel's performance was "deficient" and second, the deficiency resulted in actual prejudice to the petitioner. *Id*. at 687.

As to the first prong of the *Strickland* test, an attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. The question of whether counsel's performance was deficient may be answered only by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In attempting to establish an ineffective-assistance-of-counsel claim, the petitioner must overcome the "strong presumption . . . counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, as this Court applies a "heavy measure of deference to counsel's judgments," *id*. at 691. And, "[w]hen examining ineffective assistance claims, . . . [the Court] must appreciate the practical limitations and tactical decisions . . . counsel faced. *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir.1991).

In a guilty plea case such as this, "to satisfy the 'prejudice' requirement, the defendant must show . . . there is a reasonable probability . . ., but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A

2

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In a case such as this, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

### C.     The petitioner generally bound by statements made during guilty plea

"Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir.1992) (citation omitted) (internal quotation marks omitted). This is so because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

"The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. To adopt a more lenient approach . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Id*. at 71.

### D.     Hearings are sometimes unnecessary

In the § 2255 context, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted) (internal quotation marks omitted). In other words, "[a] hearing is not required . . . if the record of the case conclusively shows . . . petitioner is entitled to no relief." *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988).

As such, "[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because none of these would be admissible evidence at an evidentiary hearing." *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (citation omitted) (internal quotation marks omitted).

**III.    PROCEDURAL HISTORY**

Thompson's charges in this case are the result of an armed home invasion and robbery of a local business owner. He was charged for the crimes in both state and federal court.

The federal case has a convoluted procedural history, which is unnecessary to detail here. Suffice it to say, as is relevant here, as per a plea agreement, Thompson plead guilty to conspiracy to interfere with commerce by threats or violence 18 U.S.C. § 1951(a) (the Hobbs Act charge) and felon in possession of a firearm and ammunition 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (the felon-in-possession charge).

In the agreement, Thompson "waive[d] the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." Plea Agreement ¶ 11. The waiver, however, excluded claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law affecting Thompson's sentence. *Id.*

The Court sentenced Thompson to 262 months in prison: 240 months for the Hobbs Act charge, and twenty-two consecutive months for the felon-in-possession charge. As is pertinent here, a six-level enhancement was applied to Thompson's sentence. He failed to file an appeal.

Thereafter, based on the retroactive application of U.S.S.G. §4A1.1(e), the Court resentenced Thompson to 235 months: 213 months as to the Hobbs Act charge, and twenty-two months as to the felon-in-possession charge, to run consecutively.

After Thompson filed his motion to vacate, the government filed its response in opposition and motion for summary judgment. Thompson responded. Thompson thereafter filed amendments to his motion to vacate, to which the government filed a response and Thompson filed a reply.

The Court, now having been briefed on the relevant issues, will adjudicate Thompson's motion to vacate and the government's motion for summary judgment.

4

IV. **DISCUSSION AND ANALYSIS**

Thompson alleges four grounds for which he says he is entitled to relief. The government contends it is entitled to summary judgment on all his claims because they are procedurally barred and/or lack merit. The Court will consider each of the grounds below.

   A. ***Whether Thompson is entitled to relief on his First Ground: Fifth Amendment Due Process***

In Thompson's first ground for relief, he lists "Fifth Amendment 'Due Process'" and states he has "been subjected to a Malicious Prosecution due to ineffective counsel, nor did [he] receive an evidentiary hearing to support [his] conviction." Thompson's Motion at 5. In answer to the question on the motion to vacate form as to why Thompson failed to appeal or raise this issue earlier, Thompson states, "[i]neffective counsel, [his] attorney did not file any post, sentencing motions or appeals." *Id.* at 6.

In Thompson's response to the government's motion for summary judgment, he added more claims. There, he complains counsel failed to share discovery with him and gave him bad advice. He also complains counsel failed to investigate, to obtain a favorable plea deal, to hire an expert, and to properly object to the six-point enhancement in his sentence. Additionally, he claims he was coerced into taking the plea and that counsel told him he would get his state charges dismissed.

Thompson, in his amendments to his motion to vacate, also argues counsel failed to share discovery with him and to properly investigate.

As a preliminary matter, a malicious prosecution claim is a tort claim in which one can seek money damages once the criminal proceedings have ended in his or her favor. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must first prove his conviction has been invalidated in some way.). But, it is axiomatic a tort claim is unavailable in a Section 2255 proceeding.

5

Because Thompson is proceeding pro se, the Court is required to construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (citations omitted). (internal quotation marks omitted)). Doing so, the Court assumes Thompson meant to raise a claim of prosecutorial misconduct, versus a malicious prosecution one. Thus, that is how the Court will treat the claim in this opinion.

There are several problems with Thompson's arguments that the Court enumerated above. First, his claims are all vague and conclusory and can be dismissed on those grounds alone. *See United States v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (citation omitted) (internal quotation marks omitted).

Second, except for the ineffective-assistance-of-counsel claims, the others could have been presented on appeal, and are thus defaulted. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or . . . he is actually innocent[.]" *Bousley v. United States*, 523 U.S. 614, 622 (1998). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003) (citations omitted).

Thompson blames his counsel for his neglecting to raise these issues on appeal. And, "it is well-settled . . . ineffective assistance of counsel constitutes cause for failure to raise an issue prior to § 2255 review." *United States v. Breckenridge*, 93 F.3d 132, 134 n.1 (4th Cir. 1996). But, he is

unable to establish cause. This is so because, as the Court explains below, he is unable to show counsel was ineffective in failing to file an appeal.

Concerning Thompson's ineffective-assistance-of-counsel claims, at his change of plea and sentencing, the Court inquired of him whether he was satisfied with his counsel. Here is the relevant portion of the transcript of that proceeding:

> THE COURT: Mr. Thompson, are you satisfied with the manner . . . Mr. Kata has represented you and advised you?
>
> THE DEFENDANT: Yeah, yes, ma'am.
>
> THE COURT: Okay. Have you talked with him as often and for as long as you think it's necessary for him to represent you?
>
> THE DEFENDANT: Yeah, yes, ma'am.
>
> THE COURT: Okay. All right. Have you understood all the conversations you've had with him?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Has he done everything for you that you feel he could have or should have done?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: So you're fully satisfied with his services?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Is there any complaint about him you want to make me aware of before we continue?
>
> THE DEFENDANT: No, ma'am.

Change of Plea and Sentencing Transcript at 12:8-13:1.

And, especially related to Thompson's claims counsel told him his state charges would be dismissed and his guilty plea was coerced, the Court notes that he further attested as follows:

> THE COURT: Okay. All right. Then let me ask you, Mr. Thompson, again, you understand that when

7

|  |  |
|---|---|
| | you plead guilty, you're going to be admitting the charge against you? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | All right. Let me ask you, sir, did you commit this offense? |
| THE DEFENDANT: | I did. |
| THE COURT: | All right. Sir, has anyone promised you anything or held out any hope of reward to get you to plead guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Has anybody threatened you, pressured you, intimidated you, or used force to get you to plead guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | All right. You're pleading guilty of your own free will and accord? |
| THE DEFENDANT: | I am. |
| THE COURT: | All right. Thank you. |

*Id*. at 22:4-21.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (citation omitted) (internal quotation marks omitted).

And, Thompson is unable now to contradict the sworn statements at his plea colloquy and sentencing absent extraordinary circumstances, which he has failed to show here. This is so because, as the Fourth Circuit has long held, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d

216, 216, 221-22 (4th Cir. 2005). "Otherwise, a primary virtue of Rule 11 colloquies would be eliminated[:] permit[ting] quick disposition of baseless collateral attacks[.]" *Id*. at 222 (citation omitted) (internal quotation marks omitted). Thompson has failed to present any extraordinary circumstances that would overcome this long-established rule.

The second problem with Thompson's ineffective-assistance-of-counsel claims is, even when the Court engages in a legal analysis of them, it declines to grant Thompson any Section 2255 relief. The Court will set forth that analysis in section D. of this opinion.

For these reasons, the Court will grant summary judgment to the government on Ground One of Thompson's Section 2255 motion.

### B.     *Whether Thompson is entitled to relief on his Second Ground: Eighth Amendment cruel and unusual punishment*

For Thompson's second ground for relief, he lists "8th Amendment cruel and unusual punishment[.]" Thompson's Motion at 6. According to Thompson, "[b]y [his] rights being violated due to [prosecutorial misconduct] and [his] constitutional rights being violated validates a cruel and unusual punishment." *Id*. In response to the question of why he neglected to file an appeal or raise this issue before now he states he " was unaware of the constitutional violation until after the sentencing." *Id*. at 7.

In Thompson's amendments to his motion to vacate, he alleges cruel and unusual punishment based on the government's failure to recommend the state dismiss his pending state charges. Thomson also contends the government "openly discriminated against [him] by . . . not recommending . . . the state dismiss their charges against [him][.]" Thompson's Amendments to Motion at 3. The Court will construe all these allegations as claims of prosecutorial misconduct.

Thompson failed to raise his prosecutorial misconduct claim on appeal. It is thus procedurally barred. *See Pruett v. Thompson*, 996 F.2d 1560, 1565 (4th Cir. 1993) (finding a claim of prosecutorial misconduct procedurally defaulted because the petitioner had not raised the issue

on direct review).  And, he has failed to overcome that bar.  As the Court explains below, his claim of ineffective assistance of counsel for failing to file an appeal is without merit.

To the extent Thompson's cruel and unusual claim is concerned with the length of his sentence, that claim is also procedurally barred inasmuch as he neglected to raise it on appeal and he is unable to show cause, prejudice, or actual innocence.  *See United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (stating one's failure to raise a claim on direct appeal constitutes a procedural default, which bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence.").  And again, as the Court discusses below, Thompson's claim of ineffectiveness of counsel regarding his counsel neglecting to file an appeal is unavailing.

If Thompson means to use his argument he "was unaware of the constitutional violation until after the sentencing[,]" Thompson's Motion at 7, to overcome the procedural bar, that contention is foreclosed by Fourth Circuit precedent holding "a petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001) (citation omitted).  Certainly, Thompson knew or should have known of the alleged prosecutorial misconduct and the length of his sentence by the time his appeal was due.

If Thompson's intent here is to complain about his conditions of confinement as an Eighth Amendment claim, relief for that is unavailable in a Section 2255 motion.  *See Sanders v. United States*, 183 F.2d 748, 749 (4th Cir.1950) ('[T]hat [a petitioner] has been grossly mistreated by prison authorities since his conviction. . . .  presents no ground for relief under 28 U.S.C.A. § 2255[.]").

Consequently, the Court will also grant summary judgment to the government as to Ground Two of Thompson's Section 2255 motion.

### C. Whether Thompson is entitled to relief on his First Ground: Thirteenth Amendment duly convicted

Thompson lists "13th Amendment duly convicted" as his third ground for relief. Thompson's Motion at 8. In support of this claim, he contends, "[d]ue to the constitutional violations in my case that violate my 13th amendment, because section 1 of the Constitution states [n]either [s]lavery [n]or involuntary [s]ervitude, except as punishment for a crime where the party shall have been 'duly' convicted, shall exist within the United States, or any place subject to their jurisdiction[.]" *Id*. And, as before, in answering the question as to why he failed to file an appeal or raise this claim earlier, he states "[t]his violation did not become clear until after sentencing." *Id*. at 9.

It is unclear exactly what Thompson's claim is here. And, as the Court noted earlier, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Dyess*, 730 F.3d at 359-60 (citation omitted) (internal quotation marks omitted).

Thus, the Court will grant summary judgment to the government as to Ground Three on that basis alone.

### D. Whether Thompson is entitled to relief on his Fourth Ground: ineffective assistance of counsel

In Thompson's amendments to his motion to vacate, he presents a Fourth Claim: "6th Amendment violation[:] Ineffective Assistance of Counsel." Thompson's Amendments to Motion at 5. Here, Thompson raises various conclusory complaints about his counsel before his sentencing.

For instance, he claims counsel: told him the state would drop his state charges if he plead guilty, which the state failed to do; gave him bad advice; "coerced a plea agreement which in essence was harmful and malicious[ ]" *id*.; failed to obtain an expert or have mental evaluation and neglected to have a "psychological evaluation done," *id*. at 6; "never brought in a specialist to attest

11

to [his] social background and circumstances[,]" *id*, failed to "fully investigate[,]" *id*. at 7; and "never attempted to bring about a motion, raising double jeopardy defense[,]" *id*. at 8. He also make allegations of the ineffective assistance of co-counsel. *Id*. at 7.

Thompson also maintains counsel was ineffective for "fail[ing] to file a timely notice of appeal because counsel never consulted with [him] about appealing or any post sentencing motions, briefs, or writs." *Id*.

The Court will first consider whether Thompson is able to establish the merits of his claims his counsel was ineffective in representing him up until, and including, his sentencing. Next, it will decide the merits of his complaint counsel was ineffective in failing to file an appeal on his behalf.

1. ***Whether counsel was ineffective in representing Thompson at his sentencing and before***

It is unnecessary for the Court to tarry here long. Like Thompson's other claims, these are so "vague and conclusory" as to make discussion of them unwarranted. *Dyess*, 730 F.3d at 359-60.

Further, as the Court held above, given Thompson's sworn statements, which the Court detailed earlier, he is unable to successfully raise his claims of ineffective assistance of counsel regarding counsel's work up until and including sentencing. Nevertheless, the Court will conduct a brief legal analysis of the merits of those claims here.

"It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude . . . a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

Simply put, Thompson has failed to demonstrate, among other things, "there is a reasonable probability . . . , but for counsel's [alleged] errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. He is also unable to show "[t]he likelihood of a different result [is] substantial[.]" *Harrington*, 562 U.S. at 112.

### 2. *Whether counsel was ineffective in failing to file an appeal on behalf of Thompson*

Toward the end of the Section 2255 form Thompson completed when filing his motion to vacate, the question is presented again as to whether there are any grounds in the motion the petitioner has failed to present to any federal court and, if so, the reasons for neglecting to raise them. Here is Thompson's amended response:

> Grounds 1, 2, 3, or 4 have never been presented in [f]ederal court because my [attorneys] neither consulted [n]or discussed filing an appeal. Therefore[,] [they] fail[ed] to appeal the [C]ourt[']s decision within the 14-day period. They never consulted me about filing any post[-]sentencing motions or informed me of what a writ of certiorari was or the amount of time to petition the court with one.

Thompson's Amendments to Motion at 9.

Thompson's counsel attests, however, that

> [a]fter the hearing, [he] informed Mr. Thompson . . . he had fourteen (14) days from the date of entry of judgment to file an appeal. [He] advised him . . . if he did not appeal any constitutional or other issues he had with the sentence would not be preserved. At that time, he indicated to [counsel] . . . he did not wish to pursue an appeal or file any post sentencing motions. I informed Mr. Thompson[,] . . . if he changed his mind[,] to let me know and I would make an appropriate filing. Mr. Thompson did not request . . . I file an appeal or any post sentencing motions.

Counsel's Affidavit ¶ 3.

The Court notes it told Thompson he had fourteen days to file an appeal:

> THE COURT:   All right. Mr. Thompson, although you have waived certain appellate rights in your plea agreement, you have 14 days from the date of the judgment order to file any notice of appeal.

Change of Plea and Sentencing Transcript at 47:23–48:2.

Missing here is any suggestion Thompson instructed his counsel to file an appeal. If he had, and his counsel failed to do so, Thompson would be entitled to relief even though he had waived his right to appeal. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) ("[A]n attorney

13

renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal.").

Assuming Thompson's counsel failed to discuss filing an appeal with him, the Court must determine "[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (U.S.)

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) . . . a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) . . . this particular defendant reasonably demonstrated to counsel . . . he was interested in appealing." *Id*. at 480. As explained below, neither is present here.

"In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate . . . the defendant seeks an end to judicial proceedings." *Id*.

"Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id*. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or . . . the particular defendant sufficiently demonstrated to counsel an interest in an appeal."

Considering the relevant factors set forth above, this was a guilty plea, which "reduces the scope of potentially appealable issues and because such a plea may indicate . . . the defendant seeks

14

an end to judicial proceedings." *Roe*, 528 U.S. at 480.  He also "received the sentence bargained for as part of the plea and expressly reserved [and] waived some . . . appeal rights." *Id.*

Most important, it seems, is Thompson is unable to show "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)[.]" *Id.* That is, Thompson has failed to suggest there are any such nonfrivolous grounds for an appeal here.  In addition, Thompson neglects to claim he ever "reasonably demonstrated to counsel . . . he was interested in appealing." *Id*.

For these reasons, the Court is unable to agree Thompson has a colorable ineffective-assistance-of-counsel claim in regards to his appeal claim.

To recap, absent here is any evidence whatsoever in the record indicating Thompson's counsel provided ineffective assistance to Thompson, either before, during, or after his sentencing.  Moreover, Thompson fails to show, as he must, counsel's alleged failures impacted the outcome of his case.

Therefore, what the Court is left with are simply statements by Thompson his counsel should have done more on his behalf.  But, these conclusory allegations, without more, are insufficient to carry Thompson's burden to show counsel was deficient, and the result of the proceeding would have been different had counsel done more.

Although Thompson initially took responsibility for his criminal activity, it now appears he regrets his decision.  As such, he attempts to shift the blame onto his counsel, and invites the Court to come along with him.

The Court, however, declines Thompson's invitation and views Thompson's claims here as nothing more than a convenient dodge.

Accordingly, the Court will grant summary judgment to the government on Ground Four of Thompson's Section 2255 motion, too.

\* \* \* \* \*

The Court has carefully considered Thompson's remaining arguments, which are so lacking in merit as to make a discussion of them unnecessary.

### V.     CONCLUSION

In light of the foregoing discussion and analysis, the government's motion for summary judgment is **GRANTED**, and Thompson's motion to vacate is **DENIED**.  And, inasmuch as the record decisively demonstrates Thompson has failed to show he is entitled to any relief, his request for a hearing is also **DENIED**.  *See Yearwood*, 863 F.2d at 7 ("A hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows . . . petitioner is entitled to no relief.").

Further, Thompson's motion to amend and to supplement are **GRANTED**, and his motion for discovery is **RENDERED AS MOOT**.

To the extent Thompson moves for a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Thompson is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.